STATE of Missouri,
Plaintiff-Respondent,

v.

Lewis BELL, Defendant-Appellant.

No. 65936.

Supreme Court of Missouri,
En Banc.

Dec. 18, 1984.

Rehearing Denied Jan. 15, 1985.

Debra Buie Arnold, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HIGGINS, Judge.

Lewis Bell, Jr., a persistent offender with conceded prior conviction for possession of marijuana and prior unrelated convictions for first degree robbery and possession of pentazocine, was further charged, Count I, with unlawful possession of more than thirty-five grams of marijuana, and Count II, with unlawful possession of phenylcyclohexyl, section 195.020, RSMo 1978. He was convicted by a jury as charged, and the court fixed his punishment as a prior and persistent offender at imprisonment for a term of twelve years on Count I, and a concurrent twelve-year term on Count II. Sentence and judgment were rendered accordingly. Appellant does not question the sufficiency of evidence to support his convictions. He contends that his sentence on Count I exceeds the maximum authorized by law, and that the punishment should have been submitted to the jury. The case was transferred to this Court by the Court of Appeals, Eastern District, by

opinion and order because of the general interest and importance of the questions involved. Affirmed.

### I.

Appellant argues the sentence of twelve years for Count I (his second offense for possession of marijuana, a Schedule I drug) was unauthorized under Missouri's Narcotic Drug Penalty Act, section 195.200.1(1)(b), RSMo 1978, which provides for a maximum sentence of five years "for the second and subsequent offenses [of] possession of marijuana." Although a sentence of twelve years is not permissible under section 195.200.1(1)(b), it is authorized under section 195.200.1(2) which provides for a term of not less than five years nor more than life imprisonment "[f]or the second offense under this chapter [195] relating to Schedules I or II except as provided in [195.200.1(1)(b) ] . . . ."

■ Appellant argues section 195.200.-1(2) is inapplicable and 195.200.1(1)(b) is applicable when the possession of marijuana is the crime charged and a prior conviction for possession of marijuana exists. Perhaps persuasive at first glance, this argument in practice, however, would lead to unfavorable results. When an offender has prior convictions for other drugs, including marijuana, should the court ignore those prior convictions except for the marijuana and allow the offender to receive the same penalty as a person whose only prior offense was marijuana possession? This would be the effect of applying section 195.200.1(1)(b). The legislature should not be held to have intended such an undesirable result. The Court holds therefore that section 195.200.1(1)(b) applies only when an offender's previous drug convictions were for possession of marijuana.

■ Appellant has a prior conviction of a Schedule IV controlled substance, pentazocine. Because his prior drug conviction was for a drug other than marijuana (in addition to a prior conviction for marijuana), section 195.200.1(1), (2) applies, and the twelve-year sentence he received under Count I was well within the limits of that section.

### II.

■ Appellant argues his punishment should have been assessed by the jury instead of the court. Because his punishment was subject to section 195.200.1(2), assessment of punishment was for the court, not the jury. § 195.200.6, RSMo Supp.1984.

Judgment is affirmed.

All concur.